```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
J&J SPORTS PRODUCTIONS, INC.,                       :
                                                    :
                      Plaintiff,                    :      ORDER
                                                    :
         -against-                                  :      06-CV-3336 (ENV)
                                                    :
ARIES-FRIENDS, LTD., d/b/a Aries Siempre            :
Amigos, JEFFREY M. STEINITZ, and HUGH J.            :
LEWIS,                                              :
                                                    :
                      Defendants.                   :
-------------------------------------------------------------x
```
GOLD, STEVEN M., U.S.M.J.:

Plaintiff brings this action alleging that defendants unlawfully intercepted and misappropriated a closed circuit television exhibition of a boxing match (the "event") held on July 16, 2005 in violation of the Federal Communications Act of 1934 (the "FCA"), codified as amended, 47 U.S.C. §§ 553 and 605. Compl. ¶¶ 1, 8, 15. Plaintiff alleges that defendants willfully intercepted and received the event without paying the required fees, and displayed it to the patrons of Aries-Friends, Ltd, d/b/a Aries Siempre Amigos ("Aries-Friends"). *Id*. ¶¶ 15, 17. In its complaint, plaintiff alleges that Jeffrey M. Steinitz and Hugh J. Lewis are co-owners of Aries-Friends. *Id*. ¶ 6.

By Order dated October 17, 2007, the Honorable Eric N. Vitaliano referred plaintiff's damages inquest with respect to defendant Lewis to me for a report and recommendation on what relief should be awarded. Docket Entry 10. In his Order, Judge Vitaliano also denied, without prejudice, plaintiff's motion for a default judgment against the corporate defendant for failure to establish service upon Aries-Friends. *Id*. With respect to defendant Steinitz, plaintiff voluntarily dismissed its claims against him shortly after the complaint was filed. Docket Entry 3. I hesitate

to proceed with a damages inquest at this time for several reasons.

First, in a multi-defendant case,

> where some but not all defendants have defaulted, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments.

*Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992) (internal quotation marks and citation omitted). This principle derives from the Supreme Court's decision in 1872 in *Frow v. De La Vega*, 82 U.S. 552 (1872). The *Frow* holding has been narrowed to cases involving true joint liability. *Friedman v. Lawrence*, 1991 WL 206308, at *2 (S.D.N.Y. Oct. 2, 1991). *See also Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746 n.4 (2d Cir. 1976). Nonetheless, courts have also consistently delayed damages inquests even where a plaintiff seeks joint and several liability in order "'to avoid the problems of dealing with inconsistent damage determinations.'" *Lawrence v. Vaman Trading Co., Inc.*, 1993 WL 190266, at *2 (S.D.N.Y. May 28, 1993) (*quoting In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1261-62 (7th Cir. 1980)). *See also 3947 Austin Blvd. Assocs. v. M.K.D. Capital Corp.*, 2006 WL 785272 (S.D.N.Y. Mar. 24, 2006) (concluding that assessment of damages against defaulting defendants was premature, even though defendants jointly and severally liable); *Lite-Up Corp. v. Sony Music Entertainment, Inc.*, 1999 WL 436563, at *2 (S.D.N.Y. June 24, 1999) (same); *Montcalm*, 807 F. Supp. at 978 (same); *Friedman*, 1991 WL 206308, at *4 (same). *But see Int'l Gemmological Instit., Inc. v. Rafaeil*, 2005 WL 3880222, at *3 (S.D.N.Y. Aug. 17, 2005) (finding no reason to delay damages assessment despite concerns of inconsistency). For a violation of the FCA, defendants are jointly and severally liable. *Community Television Sys., Inc. v. Caruso*, 284 F.3d 430, 436 (2d Cir.

2002) (finding certain defendants jointly and severally liable for single violation of the FCA where defendants used descramblers in their homes); *see also J&J Sports Productions, Inc. v. Drake*, 2006 WL 2927163, at *6 (E.D.N.Y. Oct. 11, 2006); *Kingvision Pay-Per-View, Ltd. v. Recio*, 2003 WL 21383826, at *4 (S.D.N.Y. June 11, 2003).

The circumstances of this case pose a risk of disparate damage awards. Plaintiff seeks damages against a corporate entity and its owners, but it has failed to establish proper service upon the corporate defendant. In addition, plaintiff dismissed its claims against Steinitz, who it alleges owned Aries-Friends with Lewis. If plaintiff settled its claims with Steinitz for a monetary amount, then the remaining defendants may be entitled to a set-off of that amount.

Moreover, Federal Rule of Civil Procedure 54(b) provides that "a court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay. . . ." Plaintiff has not asserted any facts suggesting that "there is no just reason to delay," and that it would be prejudiced if the assessment of damages against Lewis was deferred until the proceedings against the other defendants are concluded. This Court is therefore unable to comply with the certification requirements of Rule 54(b). *See Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 171 (2d Cir. 2002).

Even if it were appropriate to assess damages against Lewis at this time, plaintiff would need to submit additional information and evidence to establish that the allegations in the complaint are sufficient to demonstrate Lewis' liability and the appropriate amount of the final judgment to be entered. First, although plaintiff states in its Memorandum of Law in Support of Request for Judgment by Default that it has provided an affidavit of an individual who observed

3

the event being broadcast at Aries-Friends, it has not filed such an affidavit on ECF. *See* Pl. Mem. 3, Docket Entry 9. Second, plaintiff has failed to allege what type of commercial establishment is operated by Aries-Friends. In fact, according to the online database of the New York Department of State, Division of Corporations, Aries-Friends is a not-for-profit corporation. *See* *http://appsext8.dos.state.ny.us/corp_public/CORPSEARCH.ENTITY_SEARCH_ENTRY* (searchable database, last visited Oct. 23, 2007). Because enhanced damages under the FCA are available only if the violation was committed for commercial advantage or financial gain, plaintiff will need to explain why an award of enhanced damages is appropriate when the alleged violation is committed by a not-for-profit corporation. *See* 47 U.S.C. § 605(e)(3)(C)(ii). Finally, plaintiff shall discuss the effect of the voluntary discontinuance of its claims against Steinitz with respect to its application for damages against Lewis. If applicable, plaintiff shall disclose the amount of any settlement.

Plaintiff shall explain how it seeks to proceed in light of these issues no later than November 16, 2007. Plaintiff may opt either to stay the inquest, or to attempt to establish that it is appropriate to proceed to assess damages against the defaulting defendant at this time. If plaintiff chooses the latter option, it shall submit, at a minimum, 1) the affidavit of the individual who witnessed the boxing match being displayed at Aries-Friends, 2) a supplemental memorandum of law discussing the issues detailed in the preceding paragraph, and 3) contemporaneous attorney time records if plaintiff seeks attorney's fees.

Plaintiff shall serve a copy of this Order on all defendants at their last known addresses.

Any submission that defendants wish to make in response is due no later than December 5, 2007.

Any reply that plaintiff wishes to make should be filed no later than December 12, 2007.

                                                    **So Ordered.**

                                                    /s/

                                                **Steven M. Gold**
                                              **United States Magistrate Judge**

**October 26, 2007**
**Brooklyn, New York**